ALTENBERND, Judge.
David L. Ross appeals an unusual “final order granting defendant’s motion to correct illegal sentence and setting the amount of restitution.” We reverse the order to the extent that it sets the amount of restitution and remand for further proceedings.
For events in 1999, Mr. Ross pleaded guilty to sixty-one counts of uttering a forged check and one count of scheme to defraud. The trial court sentenced Mr. Ross to a total of fifteen years’ imprisonment followed by fifteen years’ probation. Mr. Ross appealed. While the appeal was pending, the trial court held a restitution hearing, apparently without providing notice to Mr. Ross, and entered an order of restitution in favor of several banks, totaling approximately $46,000.
Mr. Ross filed a motion challenging this order as an illegal sentence, claiming that the trial court had been without jurisdiction to enter the order during the appeal and had violated his due process rights by entering the order without notice to him. The trial court granted this motion. The State has not contested that ruling.
Oddly, after deciding that the first order did not satisfy due process, the trial court proceeded immediately to enter the same restitution order as a condition of probation without setting a hearing on the issue, requiring the State to present any evidence, or providing Mr. Ross an opportunity to be heard. Accordingly, we reverse the order to the extent that it sets restitution without notice and remand for an appropriate restitution hearing.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and CASANUEVA, JJ„ Concur.